UNITED STATES of America, Appellee,

v.

Rene MADRID, Appellant.

No. 97–3959.

United States Court of Appeals,
Eighth Circuit.

Nov. 18, 1998.

## ORDER

The suggestion for rehearing en banc is denied. Judge Hansen would grant the suggestion.

The petition for rehearing by the panel is also denied.

HANSEN, Circuit Judge, dissenting from the denial of rehearing en banc.

Like the panel, I must assume, because neither the magistrate judge nor the district court made any fact-findings concerning them, that there were no exigent circumstances that justified the initial warrantless entry and search of the defendant's house. Hence, the question becomes what evidentiary trial consequence, if any, should follow in this criminal case for the officers' apparent wholesale violation of the Fourth Amendment. Unlike the panel, I believe that the magistrate judge's *Franks*-type analysis demonstrates that the search warrant was

premised on sound probable cause even when the additional information obtained by the officers' "exploitation" of their warrantless presence is excised from the application for the warrant. It follows then that what was later seized in the warranted search of the house should not be suppressed from the jury's consideration. In my view, because there was ample independent source support for the issuance of the warrant, the later seizure, during the execution of the valid search warrant, of the same items the invading officers initially observed, did not violate the Fourth Amendment. *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). I would leave for another day the determination of whether the defendant may be entitled to any other redress for the apparent Fourth Amendment violation occasioned by the officers' initial warrantless entry.